Luciano and Marie
**DiSALVATORE, Plaintiffs,**

v.

**The AETNA CASUALTY AND SURETY
COMPANY, Defendant.**

Civ. A. No. 83–3071.

United States District Court,
D. New Jersey.

Jan. 9, 1986.

Uliase, Aberman & Mandel, P.C. by Samuel Mandel, Cherry Hill, N.J., for plaintiffs.

Cozen, Begier & O'Connor, P.C. by Thomas McKay, III, Westmont, N.J., for defendant.

OPINION

COHEN, Senior District Judge:

This diversity action, in which the plaintiffs, Luciano and Marie DiSalvatore, holders of a homeowner's insurance policy, seek, *inter alia*, damages against their in-

surance carrier, is before the Court on a motion by the defendant, Aetna Casualty and Surety Company ("Aetna"), for partial summary judgment pursuant to Fed.R. Civ.P. 56. For the reasons set forth below, the motion shall be granted in part and denied in part.

Reduced to their barest essentials, the facts of this case are not complex. Plaintiffs' home was destroyed by fire on August 27, 1982. At that time, the residence was covered by an insurance policy carried by the defendant. On May 10, 1983, the plaintiffs were notified that their insurance policy was void, and their claim was denied. Thereafter, the plaintiffs filed the instant suit.

The complaint contains claims for breach of contract (Count I), breach of the duty of good faith and fair dealing (Counts II & III), intentional infliction of emotional distress (Count II), fraud in the inducement (Count IV), and negligence (Count V).[1] Defendant has asserted the affirmative defense of arson and fraud, maintaining that the claim was denied because defendant discovered evidence that plaintiffs were "involved" in the fire.

By its present motion, the defendant seeks summary judgment on the claims for compensatory and punitive damages contained in Counts II, III and IV of the complaint, and on the claim for counsel fees.[2] Defendant's motion raises a number of important issues regarding the availability of causes of action by an insured to recover extracontractual damages from his insurer. We shall discuss defendant's motion with respect to plaintiffs' claims for damages and for counsel fees separately.

Three of the theories under which the plaintiffs seek damages have been challenged by the defendant herein. With respect to the plaintiffs' claim for damages arising out of the alleged breach of the duty of good faith and fair dealing (Counts II & III), the defendant urges that no cause of action for such a breach exists under New Jersey law. Similarly, with respect to the plaintiffs' claim for damages arising out of an alleged intentional infliction of emotional distress (Count II), the defendant argues that New Jersey does not recognize such a tort. The third theory challenged by the defendant is that contained in Count IV of the complaint, which the defendant reads as an attempt to bring a private cause of action under the New Jersey Consumer Frauds Act, N.J.S.A. 56:8–1 et seq. and the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17:29B–1 et seq.

## ACTION FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Under New Jersey law there is implied in every contract a duty of good faith and fair dealing. E.g., *Onderdonk v. Presbyterian Homes of New Jersey*, 85 N.J. 171, 425 A.2d 1057 (1981). Insurance contracts are no exception. E.g., *Fireman's Fund Insurance Co. v. Security Insurance Co.*, 72 N.J. 63, 367 A.2d 864 (1976). The New Jersey Supreme Court, however, has not yet addressed the issue of the availability of a cause of action to redress an alleged breach of this duty in a situation where an insured contends that his insurer has wrongfully failed to pay benefits due him under the contract.

At the outset, we note that an action for breach of the duty of good faith and fair dealing in this "first-party" situation sounds both in tort and in contract, and

---

**1.** The negligence claim is based on the failure to name the Beneficial Business Credit Corporation as a mortgagee on the insurance contract. Since plaintiffs have indicated a willingness to consent to an order dismissing these allegations, *see* Plaintiffs' Brief at 30, we shall not consider Count V in our opinion.

**2.** The motion originally included a request for summary judgment on the plaintiffs' claim for

prejudgment interest. In light of the very recent *Ellmex Construction Co. v. Republic Ins. Co.*, 202 N.J.Super. 195 (App.Div.1985), 494 A.2d 339 decision, however, the defendant conceded that New Jersey law does permit the award of such interest, and withdrew this portion of the motion at oral argument, which was heard on October 4, 1985.

might appropriately be considered an action in either. Most accurately, however, it would seem that such an action is best characterized as one for a tort arising from a contract. *See Caruso v. Republic Insurance Co.*, 558 F.Supp. 430, 434–35 (D.Md. 1983). The parties in the present case have each characterized the plaintiffs' claims pertaining to the duty of good faith and fair dealing as sounding in tort. We shall adopt this characterization.

As is not infrequently the case, California courts led the way in recognizing the new tort. In *Fletcher v. Western National Life Insurance Co.*, 10 Cal.App.3d 376, 89 Cal.Rptr. 78 (1970), a California appeals court extended the well-established duty of an insurer to act reasonably and in good faith in settling third-party claims against its insureds to the first-party situation. In *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 556, 574, 510 P.2d 1032, 1037, 108 Cal.Rptr. 480, 485, (1973), the California Supreme Court followed the *Fletcher* court's reasoning, and concluded that an independent tort action exists against insurance companies for breach of the implied duty of good faith and fair dealing.

Some of the courts of other jurisdictions, which have considered the issue of recognition of this new tort since *Gruenberg*, have adopted the California approach, and have recognized the new action, while other courts have refused to do so. *See generally*, Bess & Doherty, *Survey of Bad Faith Claims in First Party and Industrial Proceedings*, 1982 Ins.Counsel J. 368 (survey of jurisdictions addressing the existence of the tort). Our role in this diversity action, which the parties agree is governed by New Jersey law, is to attempt to predict whether the highest court of New Jersey would permit an award of extracontractual damages in a first-party insurance dispute. In this regard, we are guided, but not bound, by the rulings of the lower state courts concerning the underlying substantive law. *E.g., Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). *See generally*, C. Wright, The Law of Federal Courts, § 58 (4th ed. 1983).

■ This Court believes that the New Jersey Supreme Court would recognize the tort action advanced by the plaintiffs herein. Arguments in favor of adopting the bad faith tort center around the unequal bargaining positions of the parties to a typical insurance contract. *See, e.g., Rodgers v. Pennsylvania Life Insurance Co.*, 539 F.Supp. 879, 883 (S.D.Iowa 1982); *Fletcher, supra*, 10 Cal.App.3d at 404, 89 Cal.Rptr. at 95. New Jersey has long recognized the superior bargaining power of an insurance company as compared with that of its insured, *e.g. Sparks v. St. Paul Insurance Co.*, 100 N.J. 325, 335, 495 A.2d 406 (1985) and considers insurance policies "contracts of adhesion." *Allen v. Metropolitan Life Insurance Co.*, 44 N.J. 294, 305, 208 A.2d 638 (1965). Recognition of an action permitting an insured to recover damages in excess of the actual amount owed under the contract would provide an effective means of countering the existing incentives for an insurance company to wrongfully delay or deny payment. *See* Note, *The Availability of Excess Damages for Wrongful Refusal to Honor First Party Insurance Claims—An Emerging Trend*, 45 Fordham L.Rev. 164 (1976). We believe that the New Jersey Supreme Court would provide insureds with this avenue for relief when insurance companies withhold payments maliciously and without probable cause. *See Polito v. Continental Casualty Co.*, 689 F.2d 457, 463 (3d Cir. 1982) (concluding that New Jersey courts would recognize claims by insureds for consequential damages for breach of implied duty of good faith and fair dealing). *See also Rodgers, supra* at 879 (predicting that the Iowa Supreme Court would recognize the new tort).

■ Nothing in the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17:29B–1 *et seq.*, leads us to believe that recognition of an action in tort based upon breach of the duty of good faith and fair dealing has been precluded by legislative preemption. *But cf., D'Ambrosio v. Pennsylvania National Mutual Casualty In-*

*surance Co.,* 494 Pa. 501, 431 A.2d 966 (1981) (Pennsylvania's Unfair Insurance Practices Act need not be supplemented by a judicially created cause of action). Furthermore, nothing in the New Jersey case law which bears on the distinction between third-party insurance disputes and first-party actions compels a decision against recognizing the action herein. Although it is clear that the insured and his insurer are in an adversarial position in first-party actions, as contrasted with the relationship in cases involving third-party claims, this difference does not require that the courts ignore the difference in bargaining power between the parties. We recognize that a fiduciary relationship exists between an insured and his insurer in cases involving settlements with third-party claimants, *Rova Farms Resort Inc. v. Investors Insurance Co.,* 65 N.J. 474, 492, 323 A.2d 495 (1974) while such a relationship does not necessarily exist in a first-party situation. *See Kocse v. Liberty Mutual Insurance Co.,* 152 N.J.Super. 371, 378, 377 A.2d 1234 (Law Div.1977) (mere presence of a fiduciary duty regarding one aspect of an insurance contract does not necessarily mean that such a duty governs all aspects of the agreement). This difference does not vitiate our decision, however, since our holding is based upon the existence of a duty of fair dealing, and not upon a fiduciary relationship.

## ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count II of the complaint alleges the tort of intentional infliction of emotional distress. The defendant herein has moved for summary judgment with respect to this Count, contending that no cause of action for this tort is recognized in New Jersey, in the context of a first-party insurance dispute.

In *Polito, supra* at 464, the Third Circuit predicted that the New Jersey Supreme Court would recognize the potential liability of insurance companies under this theory. Defendant relies upon two recent New Jersey cases to maintain that this

explicit prediction has been undercut. Because we disagree with defendant's argument regarding the validity of the *Polito* prediction, we shall deny this aspect of defendant's motion.

Neither *Garden State Community Hospital v. Watson,* 191 N.J.Super. 225, 465 A.2d 1225 (App.Div.1983), nor *Milcarek v. Nationwide Insurance Co.,* 190 N.J.Super. 358, 463 A.2d 950 (App.Div.1983), upon which defendant relies, addresses the question of the existence of such a tort in any detail, and in each case the court concludes that the issue must be directed to the state's highest court. 191 N.J.Super. at 277, 465 A.2d 1225; 190 N.J.Super. at 370, 463 A.2d 950. Of course, whether the plaintiffs' proofs establish that the conduct of the defendant meets the high standard required for recovery under the emotional distress theory, *see Hafner v. Hafner,* 135 N.J.Super. 328, 333–34, 343 A.2d 166 (Law. Div.1975) (recovery conditioned on a showing of conduct that is so outrageous as to go beyond all possible bounds of decency and to be regarded as utterly intolerable in a civilized society), remains to be seen. We hold here only that such a theory is available to plaintiffs.

## FRAUD IN THE INDUCEMENT

The defendant reads Count IV of the complaint as an attempt to bring a private cause of action under the New Jersey Consumer Frauds Act, N.J.S.A. 56:8–1 *et seq.,* and the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17:29B–1 *et seq.,* and contends that such private causes of action are not permitted. Plaintiffs do not dispute that private causes of action are unavailable under these statutes, but maintain that Count IV of the complaint alleges only the common law action for fraud in the inducement. Because a genuine issue may be said to exist with respect to fraudulent inducement by the defendant, Count IV of the plaintiffs' complaint shall be allowed to stand as an allegation of such common law fraud only, and the defendant's motion with respect to this Count shall be denied.

## THE CLAIM FOR COUNSEL FEES

**[4]** The defendant contends that New Jersey law does not permit the award of attorneys' fees in first-party insurance disputes, and therefore moves for summary judgment with respect to this aspect of plaintiffs' complaint. Plaintiffs urge that the Third Circuit's holding in *Polito, supra* at 465, that the plaintiff therein was entitled to an award of attorneys' fees, binds this Court to allow such relief. Subsequent to the *Polito* decision, however, the Appellate Division of the New Jersey Superior Court reversed the *Miller v. New Jersey Insurance Underwriting Assn.*, 177 N.J.Super. 584, 427 A.2d 135 (Law Div. 1981), decision upon which the *Polito* court had relied. 188 N.J.Super. 175, 193–94, 457 A.2d 23 (App.Div.1983); *certif. denied*, 94 N.J. 508, 468 A.2d 169 (1983). In view of this reversal, and having the benefit of the recent New Jersey Superior Court decision in *Ellmex Construction Co., supra* at 349–50 (affirming the denial of counsel fees), this Court holds that counsel fees are not recoverable in New Jersey in an action by an insured to compel payment under an insurance policy. *See also Enright v. Lubow*, 202 N.J.Super. 58, 493 A.2d 1288 (App.Div.1985). Accordingly, defendant's motion for summary judgment with respect to this portion of plaintiffs' complaint shall be granted. The Court shall enter an appropriate order.

## ORDER

This matter having come before the Court on a motion by the defendant, Aetna Casualty and Surety Company, for partial summary judgment; and

For the reasons set forth in this Court's opinion filed this date; and

For good cause shown;

IT IS On this 9th day of January, 1986,

ORDERED that said motion be and the same is hereby DENIED with respect to Counts II, III and IV of the Complaint; and it is

FURTHER ORDERED that said motion be and the same is hereby GRANTED with respect to the claim for counsel fees contained in the Complaint.