**WINE IMPORTS, INC., Plaintiff,**

v.

**NORTHBROOK PROPERTY AND CASUALTY INSURANCE CO. and Pacific Employers Insurance Company, Defendants.**

Civ. A. No. 86–3337.

United States District Court,
D. New Jersey.

March 14, 1989.

Robert E. Rochford, Dunn, Pashman, Sponzilli, Swick & Finnerty, Hackensack, N.J., for plaintiff.

Helen E. Hoens, Lum, Hoens, Abeles, Conant & Danzis, Roseland, N.J., for defendant Pacific Employers Ins. Co.

OPINION

POLITAN, District Judge.

This matter comes before the Court on motion of defendant Pacific Employers Insurance Company ("Pacific Employers") to renew its previously denied motion for partial summary judgment. The motion to renew is based upon a recent Third Circuit decision, *Aetna Casualty & Surety Co. v. Farrell*, 855 F.2d 146 (3d Cir.1988) which bears directly upon the motion for summary judgment, but which was not available to counsel or the Court when the original motion was heard. For the reasons set forth below, the motion to renew is granted and the motion for partial summary judgment is also granted.

This civil action arises out of a dispute between the parties concerning coverage under a policy of insurance underwritten by defendant Pacific Employers and issued to plaintiff, Wine Imports, to cover various losses, including fidelity losses. Plaintiff claims that it was an insured party under the policy and seeks a declaration that the policy was in full force and effect and that certain losses sustained by it were covered under the policy. In addition, plaintiff seeks both punitive and consequential damages from defendant, alleging that defendant acted in bad faith by refusing to honor plaintiff's claim under the policy. Defendant denies all liability on the ground that the policy had lapsed. Specifically, defendant maintains that the endorsement which provided fidelity loss coverage required that claims for losses be made within one year following the termination or cancellation of the policy. Because plaintiff's claim was not made until nearly two and one-half years after the termination date of the policy, the coverage had lapsed. Moreover, defendant claims that plaintiff had already recovered for its loss under the relation back provisions of a subsequent insurance policy issued by another carrier. Finally, defendant maintains that rejection of plaintiff's claim did not constitute bad faith, and therefore could not provide the basis of an award of punitive or consequential damages.

Defendant's original motion sought partial summary judgment on the punitive and consequential damage claims of the Complaint. Defendant argued that under New Jersey law, neither punitive nor consequential damages are available in an insurance contract dispute. This issue had never

been squarely addressed by the Supreme Court of New Jersey. However, as a matter of first impression, the Third Circuit determined that damages for bad faith, in the context of insurance contracts, should be available under New Jersey law. *See Polito v. Continental Casualty Co.,* 689 F.2d 457 (3d Cir.1982). Based on this precedent, defendant's motion was denied.

■ Unknown to either counsel or the Court at the time of its decision, however, the Third Circuit had issued an opinion which squarely addressed the appropriate source of New Jersey law from which the Federal Courts, sitting in diversity, should derive their predictions on previously unsettled areas of State law. In *Aetna Casualty & Surety Co. v. Farrell,* 855 F.2d 146 (3d Cir.1988), the Third Circuit held that where the New Jersey Supreme Court has not yet decided an issue, the Federal Courts may look to the decisions of the Appellate Division, if any, for guidance. *Id.* at 148–49. In *Farrell,* the District Court, having no New Jersey decisions to rely upon, predicted New Jersey's interpretation of a technical provision of underinsured motorist coverage. Thereafter, but before the appeal was heard by the Third Circuit, the New Jersey Appellate Division issued an opinion on precisely the same question, reaching the opposite result from the District Court. In these circumstances, the Third Circuit reversed, following the reasoning of the state's intermediate court. *Id.* at 149–50.

When the highest state court has not addressed specifically an issue of state law, the United States Supreme Court has held that the intermediate court decisions may be applied by the federal court unless that court is convinced by other persuasive data or convincing evidence that the highest court of the state would decide otherwise. *See Six Companies v. Joint Highway Dist.,* 311 U.S. 180, 188, 61 S.Ct. 186, 188, 85 L.Ed. 114 (1940). Indeed, the Supreme Court in another opinion held that a deci-

sion of the former Chancery Court in New Jersey "should be followed in the absence of an expression of a countervailing by the State's highest court." *Fidelity Union Trust Co. v. Field,* 311 U.S. 169, 178, 61 S.Ct. 176, 178, 85 L.Ed. 109 (1940). On the same day, in a third opinion, the Supreme Court held that "this is the more so where ... the highest [state] court has refused to review the lower court's decision...." *West v. American Tel. & Tel.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).

■ Currently, there are six decisions of the New Jersey Superior Court, Appellate Division, holding that punitive and consequential damages are not available for bad faith refusal of an insurance claim. However, there are two federal decisions reaching the contrary conclusion.

As noted above, the first court to decide this issue was the Third Circuit. In *Polito v. Continental Casualty Co.,* 689 F.2d 457 (3d Cir.1982), the Court held that the trial judge should have charged the jury on consequential damages in an insurance dispute. *Id.* at 464. The basis for this opinion, however, was an analysis of general contract principles and New Jersey decisions interpreting the duty of fair dealing in employment and real estate contract disputes. *Id.* at 461–63. The Third Circuit's only reference to New Jersey decisions regarding insurance contracts were citations to cases construing an insurer's contractual duty to defend and recognizing implied covenants of fair dealing. *Id.* at 462–63. At the time of the Third Circuit's decision, there were no cases directly on point. Thus, when the Third Circuit first opined that consequential damages should be available for an insurance dispute under New Jersey law, it did so with no state court guidance.[1]

Six weeks after the Third Circuit's decision in *Polito,* the New Jersey Appellate Division addressed the precise question at

---

1. *See also DiSalvatore v. Aetna Cas. & Sur. Co.,* 624 F.Supp. 541, 544 (D.N.J.1986). The district court judge in *DiSalvatore* followed the Third Circuit's analysis and thus held that punitive and consequential damages should be permitted in an insurance contract dispute, relying upon *Polito.* In view of this Court's review of the current status of New Jersey law, I decline to follow a similar course.

issue in the instant case in *Garden State Community Hosp. v. Watson*, 191 N.J.Super. 225, 465 A.2d 1225 (App.Div.1982). There the Court rejected the Third Circuit's holding in *Polito*, finding that there was "no clear indication in our current jurisprudence" that our Supreme Court would sanction a new cause of action for punitive and consequential damages for breach of an insurance contract. *Id.* at 227.

New Jersey's Appellate Division has since repeated its refusal to permit punitive or consequential damages in the context of insurance contracts each time it has been presented with the issue. *See Ellmex Const. Co., Inc. v. Republic Ins. Co.*, 202 N.J.Super. 195, 207–208, 494 A.2d 339 (App. Div.1985), *certif. denied*, 103 N.J. 453, 511 A.2d 639 (1986); *Meier v. New Jersey Life Ins. Co.*, 195 N.J.Super. 478, 489, 480 A.2d 919 (App.Div.1984), *aff'd*, 101 N.J. 597, 503 A.2d 862 (1986); *see also Pierzga v. Ohio Casualty Group of Ins. Companies*, 208 N.J.Super. 40, 44–45, 504 A.2d 1200 (App. Div.), *certif. den.*, 104 N.J. 399, 517 A.2d 402 (1986); *Kubiak v. Allstate Ins. Co.*, 198 N.J.Super. 115, 119–20, 486 A.2d 879 (App.Div.1984), *certif. den.*, 101 N.J. 290, 501 A.2d 952 (1985); *Milcarek v. Nationwide Insurance Co.*, 190 N.J.Super. 358, 368, 463 A.2d 950 (App.Div.1983).[2]

The Third Circuit has set out guidelines to be observed by district courts when they are called upon to interpret the law of the states. In *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir.), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980), the Court held that, in the absence of a State Supreme Court decision on an issue, the federal court "must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court

in the state would decide the issue at hand." *Id.* at 663. Expanding upon this holding, the Third Circuit in *McGowan v. Univ. of Scranton*, 759 F.2d 287 (3d Cir. 1985) concluded that appellate court decisions are "indicia of how the state's highest court might decide the issue." *Id.* at 291.

This Court is aware that federal courts may decline to follow the reasoning of the Appellate Division in the absence of State Supreme Court precedent. In *National Surety Corp. v. Midland Bank*, 551 F.2d 21, 32 (3d Cir.1977), for example, the Third Circuit declined to follow an opinion of the New Jersey Appellate Division because that decision was based solely on the federal district court decision on appeal before the circuit court, its discussion of the issue was only dictum, its reasoning was not persuasive, and the state court failed to recognize an important intervening administrative rule on point. *Id.* at 32. None of these factors is present in this case. On the contrary, the Appellate Division decisions are well-reasoned and consistent in the face of contrary federal authority. In addition, the New Jersey Supreme Court has plainly declined to overturn these decisions. It is also clear that the federal decisions relied upon by plaintiff in this case were made without the advantage of the state court guidance available to this Court.

Federal courts sitting in diversity must apply settled law or predict it; the court may not substitute its judgment of what the law should be. To do so would encourage forum shopping by providing a remedy where the state's own courts would not. *See McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 663 (3d Cir.), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980) (*quoting Becker v. Interstate Properties*, 569 F.2d 1203, 1206

---

**2.** In affirming the *Meier* decision, the New Jersey Supreme Court noted that the issue of punitive damages had not been raised on appeal, and therefore did not comment on the propriety of the lower court's ruling. 101 N.J. at 603 n. 1, 503 A.2d 862. While none of the other decisions have been reviewed by the New Jersey Supreme Court, that Court has been asked to do so by several plaintiffs seeking to change the law on the issue and has each time refused. *See*

*Pierzga v. Ohio Casualty Group*, 208 N.J.Super. 40, 504 A.2d 1200 (App.Div.), *certif. denied*, 104 N.J. 399, 517 A.2d 402 (1986); *Ellmex Const. Co., Inc. v. Republic Ins. Co.*, 202 N.J.Super. 195, 207–208, 494 A.2d 339 (App.Div.1985), *certif. denied*, 103 N.J. 453, 511 A.2d 639 (1986); *Kubiak v. Allstate Ins. Co.*, 198 N.J.Super. 115, 486 A.2d 879 (App.Div.1984), *certif. denied*, 104 N.J. 290, 501 A.2d 952 (1985).

(3d Cir.1977), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978)). As the Third Circuit noted in *Becker,* "a diversity litigant should not be drawn to the federal forum by the prospect of a more favorable outcome than he could expect in the state courts." 569 F.2d at 1206. Yet, as the instant case makes clear, if this Court, in light of the clear and consistent New Jersey precedents now available to it, ignores those precedents in favor of a Third Circuit opinion reached without the benefit of that guidance, it will create precisely the situation the Third Circuit warned against in *Becker.*

For all of the foregoing reasons, the motion of defendant Pacific Employers Insurance Company for partial summary judgment is GRANTED.