Leanora CARFAGNO, et al., Plaintiffs,

v.

The AETNA CASUALTY AND SURETY
COMPANY, Defendant.

Civ. A. No. 83-665.

United States District Court,
D. New Jersey.

Aug. 28, 1991.

Samuel Mandel, Moorestown, N.J., for
plaintiff Leanora Carfagno.

Garrett L. Joest, Horn, Kaplan,
Goldberg, Gorny & Daniels, Atlantic City,
for defendant.

## OPINION

GERRY, Chief Judge.

## BACKGROUND

Plaintiff Leanora Carfagno filed the present action against defendant, The Aetna Casualty and Surety Company ("Aetna"), on February 24, 1983. Plaintiff purchased a homeowners insurance policy from defendant. On March 22, 1982, a fire occurred at the insured premises, and plaintiff thereafter filed a claim under the policy to recover damages caused by the fire. Ultimately, defendant disclaimed liability on the grounds that the fire was intentionally set. Plaintiff alleges that defendant acted unreasonably and in bad faith with regard to various aspects of its refusal to pay her claim. In addition to seeking recovery under the policy for the damage to the property and its contents, plaintiff seeks to recover consequential and punitive damages for defendant's alleged wrongful, bad faith conduct. The parties are presently before the court upon defendant's motion for judgment on the pleadings with regard to plaintiff's claim for consequential and punitive damages.

## DISCUSSION

As a federal court sitting in a diversity, we must apply the substantive law of the forum state to plaintiff's claims. Our role is to predict what that state's highest court would decide if presented with the facts in our case. *Aetna Casualty & Surety Co. v. Farrell*, 855 F.2d 146, 148 (3rd Cir.1988). In making that prediction, "[i]n the absence of an authoritative pronouncement by a state's highest court, we may give serious consideration to the opinion of an intermediate appellate court and look to that source for an indication of how the state Supreme Court would likely decide the question presented." *Id.* at 148–149 (citations omitted). *See also McGowan v. Univ. of Scranton*, 759 F.2d 287, 291 (3rd Cir.1985) (concluding that appellate court decisions are "indicia of how the state's highest court might decide the issue"). In fact, the United States Supreme Court has held that "an intermediate appellate state

court ... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).

■ The sole issue to be decided in this motion is whether or not a cause of action is permitted under New Jersey law to recover consequential compensatory damages and/or punitive damages where an insurance company wrongfully, and in bad faith, refuses to pay a first-party claim under an insurance contract. The New Jersey Supreme Court has never reached this issue; however, we are not the first federal court to consider it.

In *Polito v. Continental Cas. Co.,* 689 F.2d 457, 463 (3rd Cir.1982), the Third Circuit recognized that an "insured is generally denied consequential damages for failure to pay [a claim], because in a suit for money due under a contract, recovery is limited to the debt plus interest", and that "New Jersey ... does not ... appear to depart from the general rule excluding consequential damages." *Id.* at 461. Nonetheless, based on the general contract doctrine in New Jersey that there is an implied covenant of good faith and fair dealing in every contract,[1] the Third Circuit predicted that New Jersey courts would find an implied contractual duty upon insurance companies to act in good faith and to deal fairly in the settlement of claims. *Id.* at 463. Further, it predicted that a breach of that implied duty would support a claim for consequential damages. *Id.*

At the time *Polito* was decided, there were no reported New Jersey cases directly on point. However, since then, a line of New Jersey Appellate Division cases have held that New Jersey law does not permit punitive or consequential damages in the context of insurance contracts.[2]

In *Wine Imports, Inc. v. Northbrook Property & Cas. Ins. Co.,* 708 F.Supp. 105 (D.N.J.1989), the court reviewed that line of cases and held that, because those cases repudiated the predictions made in *Polito* on this issue,[3] *Polito* was no longer controlling. The court based its holding on the Third Circuit decision in *Farrell, supra.* That case involved interpretation of an uninsured motorist provision in a car insurance policy. Since New Jersey courts had not previously addressed the issue, the district court predicted how those courts would interpret the provision. The case was appealed, and, before the Third Circuit rendered its decision, the New Jersey Appellate Division issued an opinion reaching the opposite result from the district court. The Third Circuit thereafter reversed the district court because it found that the Appellate Division case was a reasonable prediction of what the New Jersey Supreme Court would do. Based on *Farrell* and the line of Appellate Division cases diverging from *Polito*'s predictions, the court in *Wine Imports* granted the defendant insurance company's motion for partial summary judgment as to the punitive and consequential damage claims of the plaintiff insured.

■ We agree with the reasoning in *Wine Imports.* There is, however, one issue not dealt with in that case which we feel merits discussion. A couple of the

---

1. See, e.g., *Onderdonk v. Presbyterian Homes of New Jersey,* 85 N.J. 171, 425 A.2d 1057 (1981); *Palisades Properties, Inc. v. Brunetti,* 44 N.J. 117, 207 A.2d 522 (1965).

2. See *Garden State Community Hosp. v. Watson,* 191 N.J.Super. 225, 465 A.2d 1225 (App.Div. 1982); *Ellmex Const. Co., Inc. v. Republic Ins. Co.,* 202 N.J.Super. 195, 207–208, 494 A.2d 339 (App.Div.1985), *cert. denied,* 103 N.J. 453, 511 A.2d 639 (1986); *Meier v. New Jersey Life Ins. Co.,* 195 N.J.Super. 478, 480 A.2d 919 (App.Div. 1984), *aff'd,* 101 N.J. 597, 503 A.2d 862 (1986);

*Pierzga v. Ohio Cas. Group of Ins. Companies,* 208 N.J. Super. 40, 44–45, 504 A.2d 1200 (App. Div.), *cert. denied,* 104 N.J. 399, 517 A.2d 402 (1986); *Kubiak v. Allstate Ins. Co.,* 198 N.J.Super. 115, 119–120, 486 A.2d 879 (App.Div.), *cert. denied,* 101 N.J. 290, 501 A.2d 952 (1985); *Milcarek v. Nationwide Ins. Co.,* 190 N.J.Super. 358, 463 A.2d 950 (App.Div.1983).

3. In *Garden State,* 191 N.J.Super. at 227, 465 A.2d 1225, the court noted that several out-of-state and federal cases, including *Polito,* had reached the opposite conclusion, but it refused to follow those cases.

Appellate Division decisions relied upon in *Wine Imports* were based, at least in part, on those courts' perception of the limitations on the Appellate Division's authority. For example, in *Garden State*, 191 N.J.Super. at 226–227, 465 A.2d 1225, the court stated that

> On this appeal, we conceive that the Watsons are contending for the creation of a new cause of action in this State, namely, the right to recover consequential compensatory damages for emotional and physical distress and punitive damages where an insurance company wrongfully refuses to pay a first-party claim.... Appellant's attempt to establish what we perceive as a new cause of action for damages for breach of an insurance contract *must be directed to our highest court.*

(Emphasis added.) *See also Milcarek*, 190 N.J.Super. at 370, 463 A.2d 950. As discussed above, our role is to predict what that state's highest court would decide if presented by the facts in our case, *Farrell, supra,* and intermediate state court appellate decisions are relevant for our consideration because they are "indicia of how the state's highest court might decide the issue," *McGowan*, 759 F.2d at 259. To the extent the Appellate Division decisions in this instance are based upon the Division's lack of authority to create a new cause of action, they are not "indicia" of whether or not the Supreme Court—who does have the power—would create such a new cause of action. Unfortunately, it appears that New Jersey does not have any statute or rule which authorizes us to certify the issue in this case to the New Jersey Supreme Court. Consequently, we must decide the issue one way or another.

We hold that plaintiff may not recover consequential or punitive damages in this action. We think that a federal court should be very reluctant to create a new state law cause of action—especially where an intermediate state appellate court has found that, within its system, the state's highest court is the only court with authority to do so. Furthermore, we are particularly reluctant to create a judicial cause of action in the context of this case because

the New Jersey legislature has passed a statute regulating unfair insurance practices, N.J.S.A. 17:29B–1, *et seq.,* which does not provide for such a remedy. As the court said in *Milcarek,*

> this act punishes insurance companies for unreasonably denying claims, thereby ... serving as a deterrent. Hence, with the other remedies available in this state with respect to insurance companies, we do not think it is necessary or wise to subject them also to a claim for punitive damages for contractual breach.

190 N.J.Super. at 368, 463 A.2d 950. Finally, the Appellate Division has specifically stated that it sees "no indication in [New Jersey's] current jurisprudence that [the New Jersey] Supreme Court would sanction such a cause of action." *Garden State*, 191 N.J.Super. at 227, 465 A.2d 1225; *Milcarek*, 190 N.J.Super. at 370, 463 A.2d 950.

Plaintiff argues that *Polito* is the controlling authority in this district. However, as discussed above, because of the intervening state court decisions, we believe that *Polito* no longer controls. Plaintiff also cites two unreported federal court decisions from this District and one unreported New Jersey Appellate Division decision which support his claim. However, we note that one of the federal court cases was decided before the Third Circuit's opinion in *Farrell* clarified the effect that intervening intermediate state appellate court decisions have upon federal predictions as to state law. Again, we agree with the reasoning of *Wine Imports,* and to the extent that the other federal court decisions are inconsistent with our conclusions, we respectfully disagree with them. With regard to the Appellate Division decision cited by plaintiff, we think that the weight of New Jersey case law supports the conclusions we have reached.

Plaintiff argues that there is an implied covenant of good faith and fair dealing implied in every contract, and that defendant's breach of that covenant entitles her to recover consequential damages. However, the Third Circuit's opinion in *Polito* was based specifically on the implied cove-

**248**

nant of good faith and fair dealing, and *Polito* was expressly rejected by the Appellate Division in the *Garden State* case.

## CONCLUSION

For the foregoing reasons, we hold that, under New Jersey law, plaintiff may not maintain a cause of action for consequential or punitive damages for defendant's allegedly wrongful, bad faith refusal to pay insurance benefits. Accordingly, we shall grant defendant's motion for judgment on the pleadings with regard to these damage claims.