Argued October 8, affirmed November 4, petition for
rehearing denied December 2, 1959

# PICK *v.* PICK

345 P. 2d 805

*William F. Frye,* Eugene, argued the cause for
the appellants. With him on the brief were Milligan
& Brown, Eugene.

*James C. Goode,* Eugene, argued the cause for the respondent. With him on the brief were Harris, Butler, Husk & Gleaves, Eugene.

Before Rossman, J., Presiding, and Perry, O'Connell and Redding, Justices.

ROSSMAN, J.

This is an appeal by Stephen Pick, Alan Pick and Paula Pick, minors, through their guardian ad litem from a judgment which the circuit court entered in favor of the defendant after it had sustained a demurrer to the complaint. The demurrer charged that (1) the complaint did not state a cause of action and (2) "it appears upon the face of the complaint that there are several alleged causes of action of the plaintiffs individually that have been improperly united in one complaint."

The complaint alleges that while the plaintiffs were living with their father, Ludwig Pick, and were enjoying his aid, society, protection and support the defendant, an unmarried woman, intentionally and wrongfully enticed the father to desert the plaintiffs, his home and his wife (their mother). It charges that the defendant's intent was "to injure the plaintiffs and to deprive them of their father's protection, society, aid and support." It goes on to say:

> "In furtherance of her wrongful, wicked and malicious purpose to persuade and entice plaintiffs' father to leave the plaintiffs and his home and consort with and spend his time with the defendant, the * * * "

latter resorted to blandishments and the making of valuable gifts. Other averments of the complaint state that the defendant accomplished her purpose thereby causing the father to desert his wife, his

home and the plaintiffs with the result that "the affections which said Ludwig Pick held for his children became estranged and alienated, and thereby totally destroyed for all time the relationship up to then existing between plaintiffs and their father." Continuing, it states that as a result of the defendant's wrongful conduct the father filed a suit for divorce against his wife and five days after entry of the decree married the defendant. The decree of divorce, so the complaint alleges, directed the father to contribute $205 monthly for the support of the plaintiffs but he has not met the demand. The complaint also alleges, "defendant has alienated and caused to become estranged the affections of Ludwig Pick toward plaintiffs to the extent that said Ludwig Pick has neglected and refused to see or speak to his children, the plaintiffs." The prayer seeks $90,000 general and $30,000 punitive damages. The three plaintiffs unite in that single complaint and a single purported cause of action. Their ages are 16, 12 and 10 years.

We will first determine the merits, if any, of the second basis for the demurrer which is, as above stated:

"There are several alleged causes of action of the plaintiffs individually that have been improperly united in one complaint."

ORS 13.160 provides:

"All persons having an interest in the subject of a suit, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided by statute."

■■ We believe that the right of each child in a family to the aid, society and protection of its father is

complete in itself and that its validity is not dependent upon the rights of the other children. Assuming that an action of the kind at bar can be maintained by a child against the wrongdoer and that the child recovers a judgment, the latter would belong to the child; his brothers or sisters would have no interest in it.

In 1 CJS Actions § 76 at page 1217, it is said:

"Several plaintiffs cannot join separate causes of action, even against the same defendant or defendants * * *."

The following is taken from 39 Am Jur Parties § 32 at page 897:

"Persons who have separate and distinct interests or are separately affected by tortious acts of another cannot unite as plaintiffs in an action for injuries to such property or interests, but must bring separate actions. * * *

"The sum of the authorities may be stated thus: Persons who have separate interests and sustain separate damage must sue separately * * *. Under the general rules stated above, in the absence of express statutory provision so requiring, a husband and wife who have separate causes of action for the same wrong separately affecting each of them cannot maintain a joint action therefor, whereas, if the wrong affects both in a joint sense, they may maintain a joint action for the wrong * * *."

The same rule is expressed as follows in 67 CJS Parties § 21 page 936:

"Two or more persons having distinct causes of action, although against the same defendant, may not join as plaintiffs in one suit, and it is immaterial that the causes of action arise out of the same transaction or that they are kindred and dependent on similar facts."

*Pitts et al v. Crane,* 114 Or 593, 236 P 475, stated that rule succinctly in the following way:

"* * * if it is several, the plaintiffs cannot sue jointly."

Iowa has a rule of civil procedure similar to ORS 13.160, supra. In *Miller v. Hawkeye Gold Dredging Co.,* 156 Iowa 557, 137 NW 507, the court stated:

"The claims of these plaintiffs may have grown out of the same transaction; but no plaintiff is interested in cause of action of another; nor is any plaintiff interested in the relief demanded by the others. That the claims are of the same nature and the relief sought is of the same kind will not justify joining in one suit. The amounts or kind of interest is not very material. * * *

"* * * As observed in Martin v. Davis, 82 Ind 38: 'To entitle two or more persons to join as plaintiffs, it is not sufficient that they each have a cause of action arising out of the same transaction or matter, if the relief sought by each be distinct and unconnected. The plaintiffs must have a common interest in the subjects of the action and in the relief. Each must be interested in the relief sought by the other.' "

■ We do not think that the three children can sue by way of a single cause of action.

ORS 16.260 states:

"The defendant may demur to the complaint * * * when it appears upon the face thereof:

* * *

"(5) That several causes of action have been improperly united; * * * "

*State v. Montag Co.,* 132 Or 587, 286 P 995, ruled that when there is an improper joinder of causes the remedy is by demurrer unless the defect does not appear as in this case on the face of the complaint.

It is our belief that the second ground, as stated in the demurrer, was well taken. It therefore follows that the demurrer was properly sustained. Under that situation there is no occasion to consider the first ground of the demurrer. We make no intimations concerning it.

Affirmed.