404 P.2d 964

**James S. STANK and Priscilla M. Stank, dba Acme Audit Associates, Plaintiffs and Respondents,**

**v.**

**John Robert JONES, Defendant and Appellant.**

**No. 10276.**

Supreme Court of Utah.

Aug. 25, 1965.

Stephan M. Hadley, Rigtrup & Hadley, Salt Lake City, for defendant and appellant.

Hansen, Sumsion & Madsen, Salt Lake City, for plaintiffs and respondents.

CALLISTER, Justice:

Plaintiff, a resident of Colorado, filed a complaint containing twelve causes of action, which were allegedly assigned by seven independent creditors, with each

cause having unrelated facts. These twelve causes of action were assigned for purpose of suit and collection; the assignors retained a two-thirds interest in the amount to be collected, which was $76,000.00.

This court has previously held that the assignee is the real party in interest, although the assignment is made for the purpose of collection, and the assignor is entitled to an accounting for a percentage of the amount collected.[1] However, the facts of the instant case raise a doubt as to the soundness of this ruling or, at least, point out the necessity for limiting its application.[2]

Here, we have an action wherein the plaintiff, an assignee for collection, appears to invoke Rule 18(a)[3] and circumvent Rule 20(a)[4] of the Utah Rules of Civil Procedure. Seven different claimants have assigned twelve different, distinct, and unrelated claims to the plaintiff. Plaintiff is to retain one-third of any moneys collected and the assignor is to receive the remaining two-thirds. Under such circumstances should plaintiff be permitted, as he has done here, to join all of these claims against the defendant in one action? We think not.[5] Yet, it can be argued that, inasmuch as the plaintiff is the real party in interest, he may prosecute this action by virtue of Rule 18(a) and join therein all claims, both legal and equitable, which his assignors might have against the defendant. Such a conclusion cannot be tolerated.

Obviously, the seven assignors could not have joined as plaintiffs and asserted their diverse and unrelated claims in one action against the defendant.[6] Why, then, should they be allowed to do indirectly what they could not do directly?[7] The answer is that they should not. An assignee does not acquire any greater right than that possessed by his assignor.

The claim of misjoinder was raised for the first time on this interlocutory appeal. However, in view of the fact that this accumulation of unrelated claims and the attempt to fuse them into a composite one produces an incongruity disruptive of prop-

1. Chesney et al. v. District Court of Salt Lake County et al., 99 Utah 513, 108 P. 2d 514; Campbell v. Peter, 108 Utah 565, 162 P.2d 754; Lynch v. MacDonald, 12 Utah 2d 427, 367 P.2d 464.
2. In all the Utah cases, only one assignor and one claim was involved.
3. Permits a plaintiff to join as many claims, legal or equitable, as he might have against the opposing party.
4. Permits a joinder of plaintiffs only when their rights or relief sought arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact is common to all of them.
5. Brown v. Ginn, 66 Ohio St. 316, 64 N.E. 123 (1902).
6. 67 C.J.S. Parties § 21, p. 936; Pick v. Pick, 219 Or. 247, 345 P.2d 805 (1959).
7. To permit two or more claimants to assign their unrelated claims for collection and have them joined in one action would result in "bargain-basement" filing fees. In the instant case, if the causes of action had been properly filed, the filing fees would amount to $119 rather than the $17 which has been paid.

er and orderly procedure, we are impelled to remand this cause for proceedings in accordance with the conclusion stated in this opinion.

McDONOUGH and CROCKETT, JJ., concur.

WADE, J., does not participate in this opinion.

HENRIOD, Chief Justice (concurring).

I concur. So doing I would like to observe two things: 1) I believe that defendant did preserve an appealable right to object on the ground of improper joinder of causes by objecting at the trial level that indispensable parties (assignors) were not joined,—which to me was a sort of Siamese twin situation, one being tantamount to the other, and 2) if this case were decided otherwise, a person could have one claim by assignment, and then could go around gathering up ten others against a defendant, all unrelated, and force the defendant to meet all of them in one suit, with a single filing fee and before a single jury. For example, on a contingent compensation basis he could acquire claims against a defendant, whether they be real or illusory, for assault and battery, liability on a promissory note, reformation of a deed, cancellation of an instrument for fraud, alienation of affections, invasion of the right of privacy, violation of an agency agreement, claim for wrongful death, damages for negligent collision, violation of a patent right, a claim for water damage, invasion of the rights of a beleaguered husband's wife, selling adulterated food, kicking the neighbors' trespassing kid off his property, and even quo warranto ouster proceedings, —all before one bewildered jury,—and all for a $17 filing fee.

I think Rule 18(a) never was intended to produce such ridiculosity, but was intended to apply to one assignor who might have multiple claims against the defendant, processable through one legitimate assignee, and that if there be any inconsistency between that rule and Rule 20, titled "Permissive Joinder" the latter is conclusive in requiring that even if there could be a joinder the claims must at least arise out of the same transaction,—a circumstance wholly absent here.