459 P.2d 209

**A & M ENTERPRISES, INC., a Utah corporation, et al., Plaintiffs and Respondents,**

v.

**Paul HUNZIKER; Barrett Investment Company, a Utah corporation, et al., Defendants and Appellants.**

**No. 11522.**

Supreme Court of Utah.

Sept. 25, 1969.

Lee W. Hobbs, Salt Lake City, for defendants appellants.

Lowell V. Summerhays, Glen M. Richman, Salt Lake City, for plaintiffs respondents.

TUCKETT, Justice:

We granted an intermediate appeal for the sole purpose of determining whether or not there was a misjoinder of parties plaintiff.

In the court below the plaintiffs, nine in number, joined in one complaint seeking to recover separate judgments against the defendants and to foreclose mechanics' liens filed against the premises in which defendants claim an interest. The defendant, Barrett Investment Company, moved the court for an order requiring a separation of the causes of action and to require the plaintiffs to file separate complaints. From an adverse ruling the Barrett Investment Company has appealed to this court.

An examination of the complaint reveals that each of the plaintiffs seeks to foreclose a lien pursuant to the provisions of

**128**

Sec. 38–1–13, U.C.A., 1953, which provides as follows:

> Lienors not contesting the claims of each other may join as plaintiffs, and when separate actions are commenced the court may consolidate them and make all persons having claims filed parties to the action. Those claiming liens who fail or refuse to become parties plaintiff may be made parties defendant, and any one not made a party may at any time before the final hearing intervene.

It is quite apparent that under the provisions of the statute the plaintiffs have proceeded correctly in filing one complaint in which their several claims are separately stated. While the issues of unjust enrichment and of fraud have been pleaded in the complaint, these issues do not prevent a joinder of the claims as contemplated by the statute. In the case of Stank v. Jones, 17 Utah 2d 96, 404 P.2d 964, relied on by the appellants, there was no statute permitting joinder of claims and parties plaintiff as we have here.

The order and decision of the court below denying appellants' motion to separate the causes of action is affirmed. Respondents are entitled to costs.

CROCKETT, C. J., CALLISTER and ELLETT, JJ., and JOSEPH E. NELSON, District Judge, concur.