762 A.2d 269 (2000)
335 N.J. Super. 254
Robert E. LECH, D.C., d/b/a Chiropractic Centers of Maplewood, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 2000.
Decided November 28, 2000.
William C. Slattery, Short Hills, argued the cause for appellant, (Jack L. Cohen, Parsippany, attorneys; Mr. Slattery, of counsel and on the brief).
Julie C. Smith, Moorestown, argued the cause for respondent, (Chierici, Chierici & Smith, attorneys; Ms. Smith, on the brief).
Before Judges SKILLMAN, CONLEY and WECKER.
The opinion of the court was delivered by CONLEY, J.A.D.
Pursuant to an assignment of PIP benefits by his various patients, plaintiff, a *270 chiropractor, is the assignee of forty-eight PIP claims against defendant State Farm Insurance Company (State Farm). Relying upon an unreported opinion from a different panel, Lech v. National Consumer Insurance Company, No. A-5458-97T2 (App. Div. June 25, 1999) (Lech,) the motion judge granted State Farm's motion to dismiss based upon improper joinder of claims. The proposition accepted by the motion judge, as well as the other panel in Lech, is that since plaintiff's claims were obtained from multiple patient assignors whose separate claims against State Farm could not jointly be brought in a single lawsuit with forty-eight plaintiffs, so too plaintiff assignee should not be permitted to join the separate claims in a single lawsuit against this single defendant insurer. In Lech, the panel primarily focused upon the party joinder rule, R. 4:29-1. The claims joinder rule, R. 4:27-1, was only incidentally considered; its application was rejected with the comment "[t]he obvious purpose of this rule is to join all the claims a party might have against another, not to allow an assignor [sic] of unrelated claims to create a single cause of action where one does not otherwise exist." Although the parties have cited no other comparable authority, we have located at least one other case that has similarly so held. Stank v. Jones, 17 Utah 2d 96, 97, 404 P.2d 964, 965 (1965). We disagree and reverse the dismissal of plaintiff's complaint. In doing so, we caution that our holding is limited to single plaintiff, single defendant permissive claims joinder and does not involve preclusive entire controversy doctrine issues.
Preliminarily, we note that, procedurally, plaintiff could be said to be bound by the legal conclusion in our prior unreported opinion. See generally, Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 659, 684 A.2d 1385 (1996). But State Farm has not raised collateral estoppel or issue preclusion as a defense. Moreover, the legal issue presented more than likely transcends this particular litigation and is of sufficient importance that we would address it anew even were the defense raised.
We also digress, briefly, to touch upon what may seem to be another basis for the dismissal of plaintiff's complaint. In addition to moving for a dismissal on the basis of improper joinder, State Farm also filed a separate motion for summary judgment contending that the various assignments were invalid. There is some confusion in the record as to the timing of this motion and when and how, or even whether, it was decided by the judge. It seems that it was originally scheduled to be considered prior to the joinder motion but was then adjourned. Two separate orders were then entered on the return date of the joinder motion. Defendant tells us one of the orders is in response to the summary judgment motion. Indeed, it is titled "Order for Summary Judgment," though it does not on its face refer to the invalid assignment argument. Perhaps more to the point, the record contains no findings of fact, conclusions of law or other explanation for a summary judgment based upon invalid assignments. Therefore, while it appears that an order labeled "summary judgment" was signed, we have no confidence that the "summary judgment" order entered on the same day as the order to dismiss based on improper joinder was intended by the judge as a separate alternative order, rather than being caught up in the misjoinder motion papers and mistakenly signed. The most the judge could say about the order at the time of plaintiff's motion for reconsideration as to misjoinder was "[s]o that the record is crystal clear, I take no position as to the validity... of the motion of summary judgment. It's still on the record." This is hardly a positive affirmation that the judge intended to grant summary judgment based upon invalid assignment as well as dismiss for misjoinder, much less a recitation of the reasons therefore.
We, then, reject defendant's contention that even if the dismissal based upon misjoinder *271 was erroneous, the summary judgment in its favor remains as an alternative basis for affirmance. Consequently, we assume for the purposes of this appeal that the forty-eight separate assignments which form the basis for plaintiff's claims against State Farm are valid assignments.[1]
We address whether the form of litigation chosen by the plaintiff here, that is, a single complaint containing all of his claims against this single insurer, is permitted under our court rules. The first inquiry must be what interest plaintiff has as assignee of the forty-eight separate PIP claims. Does he have forty-eight separate "choses in action" in his own right against State Farm? Basic principles of property law applicable to assignments provide an affirmative response.
To begin with, statutorily, "all choses in action arising on contract shall be assignable." N.J.S.A. 2A:25-1. See Kimball International, Inc. v. Northfield Metal Products, 334 N.J.Super. 596, 612, 760 A.2d 794 (App.Div.2000). The insured patients' PIP claims against State Farm are contractual and, thus, assignable. See Tirgan v. Mega Life & Health Ins., 304 N.J.Super. 385, 700 A.2d 1239 (Law Div. 1997). As assignments of "choses in action," the assignments give to plaintiff the contract right to litigate the object of the assignments, the PIP claims. While an assignee's rights can be no greater than those of the assignor, id. at 391, 700 A.2d 1239; Allstate Ins. Co. v. Lopez, 325 N.J.Super. 268, 278, 738 A.2d 987 (Law Div.1999), neither can they be any less.
Where the assignment conveys a claim that can be sued upon, the assignee "may sue thereon in his own name." N.J.S.A. 2A:25-1. See Russell v. Fred G. Pohl Co., 7 N.J. 32, 38-40, 80 A.2d 191 (1951); Berkowitz v. Haigood, 256 N.J.Super. 342, 346, 606 A.2d 1157 (Law Div.1992); 6 Am. Jur.2d Assignments § 113. Indeed, in the context of assignment of PIP claims, it has been held that the health care provider is the real party in interest and that the assignment of a patient's PIP claims against its insurer divests the patient of a right to bring a separate action. Allianz Life Ins. Co. v. Riedl, 264 Ga. 395, 396-98, 444 S.E.2d 736, 737-39 (1994); Jones v. State Farm Mut. Auto. Ins. Co., 228 Ga. App. 347, 349, 491 S.E.2d 830, 832 (1997). See also Gamata v. Allstate Ins. Co., 90 Hawai'i 213, 222, 978 P.2d 179, 188 (App. 1999); Pay Tel Systems, Inc. v. Seiscor Technologies, Inc., 850 F.Supp. 276, 278 (S.D.N.Y.1994).
Assuming the validity of the assignments, therefore, we are convinced that plaintiff has a claim, in his own right, against State Farm arising from each of the State Farm insured's PIP assignments. The fact that he may have forty-eight patients who have each assigned their separate claims to him does not make his separate entitlement any less viable.
This case, then, is one of a single plaintiff with multiple claims against a single defendant. It is not a case of mandatory joinder of related claims and, therefore, is governed by the permissive joinder of claims rule, R. 4:27-1. That rule provides in pertinent part:
the plaintiff in the complaint or in an answer to a counterclaim denominated as such and the defendant in an answer setting forth a counterclaim may join, either as independent or as alternate claims, as many claims, either legal or equitable or both, as he or she may have against an opposing party ....

[Emphasis added.]
Facially, the permissive claims joinder rule permits a single plaintiff to join as many potential claims as he or she has against a single defendant, regardless of the nature of those claims. This procedural permissive claim joinder rule encourages *272 efficiency in the conduct of litigation and reflects the policy that each civil action should carry "the maximum burden of controversy to the full limit of trial capacity." Morris M. Schnitzer & Julius Wildstein, New Jersey Rules Service 1954-1967 AIV 923 (Special Reprint Edition 1982). And see Vision Mortgage Corp., Inc. v. Chiapperini, 156 N.J. 580, 584-85, 722 A.2d 527 (1999); Cogdell v. Hospital Center at Orange, 116 N.J. 7, 16-17, 560 A.2d 1169 (1989). E.g., National-Ben Franklin Fire Ins. Co. v. Camden Trust Co., 21 N.J. 16, 22, 120 A.2d 754 (1956); Hnath v. Hnath, 47 N.J.Super. 461, 469, 136 A.2d 286 (App. Div.1957); Tumarkin v. Friedman, 17 N.J.Super. 20, 25-27, 85 A.2d 304 (App. Div.1951), certif. denied, 9 N.J. 287, 88 A.2d 39 (1952). Although most frequently policy considerations relating to joinder of claims occur in the context of mandatory joinder implicating the preclusive entire controversy doctrine, e.g., Cogdell, supra, those considerations are equally applicable to permissive joinder practice.
Federal precedent relating to Federal Rule 18(a) of the Federal Rules of Civil Procedure is instructive, as R. 4:27-1 is similar to Rule 18(a).[2] Schnitzer & Wildstein, supra at AIV 927. There are no procedural restrictions on the number or type of claims a plaintiff may assert in a complaint under the federal claims joinder rule where there is a single plaintiff and a single defendant. James W. Moore et al., Moore's Federal Practice § 18 .02 at 18-7 (3d ed.1997). The goal of the federal rule of permissive joinder is to assert "the whole array of ... disagreement before one court." Id., citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966). It has, therefore, been said that claims misjoinder of properly joined parties is "simply impossible." Moore, supra at 18.02, citing, Atlantic Lumber Corp. v. Southern Pacific Co., 2 F.R.D. 313, 314 (D.Or.1941). See also C. Thompson, Cyclopedia of Federal Procedure § 20.18 (3d ed.1998); 6A Wright et al., Federal Practice and Procedure § 1582 (2d 1986). There is no question here but that plaintiff and defendant are properly joined parties.
We briefly comment upon problems that may arise with the manageability of a complaint that contains multiple, unrelated claims brought by a single plaintiff against a single defendant. As with all complex litigation, whether it involves multiple claims or multiple parties, the trial judge has broad case management discretion. See R. 4:38-2(a). For instance, as with the similar federal joinder rule, it has been said that "[a]lthough the policy of Rule 18(a) is to allow unlimited joinder of claims at the pleading level, there is no requirement that the claims be tried together." Thompson, supra at § 20.19; Wright, supra at § 1582; Moore, supra at § 18-16[6]. But difficulties in case management of a single plaintiff, single defendant, multi-claim litigation does not preclude the use of R. 4:27-1 at the pleading stage of the litigation. Cf. Allstate Ins. Co. v. Schick, 328 N.J.Super. 611, 630, 746 A.2d 546 (Law Div.1999).
We also note that there may be certain categories of single party, multiple claim disputes that might warrant limitation by way of rule amendment. See e.g., R. 4:29-1(c). Thus far, however, there have been no rule amendments in response to the type of litigation involved here between healthcare providers and insurers.[3] *273 Neither is there anything in the record before us that would prompt us to refer the issue to the Supreme Court's Civil Practice Committee.
Our decision furthers the legislative concern that injured automobile drivers have a ready means to obtain prompt treatment. See Gambino v. Royal Globe Ins. Cos., 86 N.J. 100, 105-06, 429 A.2d 1039 (1981). Assignments of PIP benefits to healthcare providers furthers these goals as assignments facilitate direct payment on behalf of patients. There is, of course, the danger of "personal injury mills." But where that is suspected, the insurers are fully capable of asserting that defense or seeking other affirmative relief. See Allstate Ins. Co. v. Schick, supra, 328 N.J.Super. 611, 746 A.2d 546; Allstate Ins. Co. v. Lopez, supra, 325 N.J.Super. 268, 738 A.2d 987. These concerns, however, do not render the plain application of R. 4:27-1 to plaintiff's claims against defendant per se inapplicable.
Reversed and remanded.
NOTES
[1] Of course, on remand State Farm may renew its motion based upon the alleged invalidity of the assignments.
[2] Rule 18(a) provides, in part:

Joinder of claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.
[3] See e.g., Thermographic Diagnostics, Inc. v. Allstate Ins. Co., 125 N.J. 491, 593 A.2d 768 (1991); Cobo by Hudson Physical Therapy Services v. Market Transition Facility by Material Damage Adjustment Corp., 293 N.J.Super. 374, 680 A.2d 1103 (App.Div.1996); Prudential Property & Cas. Ins. Co. of New Jersey v. Nardone, 332 N.J.Super. 126, 752 A.2d 859 (Law Div.2000); Allstate Ins. Co. v. Schick, 328 N.J.Super. 611, 746 A.2d 546 (Law Div. 1999).