919 A.2d 166

ENDO SURGI CENTER, P.C., PLAINTIFF–RESPONDENT,
v. LIBERTY MUTUAL INSURANCE COMPANY,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 27, 2007—Decided April 9, 2007.

Before Judges SKILLMAN, LISA and HOLSTON, JR.

*William P. Krauss,* argued the cause for appellant (*Wilson, Elser, Moskowitz, Edelman & Dicker* and Law Offices of *Skrod & Baumann,* attorneys; *Clifford J. Giantonio,* of counsel; *Mr. Krauss,* of counsel and on the brief).

*Sean A. Smith,* argued the cause for respondent (*Wolf Block Brach Eichler,* attorneys; *Charles X. Gormally,* of counsel; *Mr. Gormally* and *Mr. Smith,* on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether an insured under an automobile liability policy who is denied personal injury protection (PIP) benefits may maintain a common law action for breach of good faith against the insurer. We conclude that PIP benefits are statutory in origin, and therefore, an insured who is wrongfully denied such benefits is entitled to only the statutory remedy of interest on the benefits and attorney's fees.

Plaintiff Endo Surgi Center (Surgi Center) is a professional corporation, owned by a group of physicians, which operates a medical treatment facility. Surgi Center provided medical services to fifteen patients for injuries suffered in automobile accidents for which defendant Liberty Mutual is responsible for payment of PIP medical benefits. Liberty Mutual refused payment for the portion of the patients' medical bills attributable to "facility fees" for use of a surgical site in Surgi Center's facility. The patients assigned their PIP claims for these fees to Surgi Center.

Surgi Center filed an action in the Law Division for recovery of the assigned PIP medical benefit claims. Surgi Center's complaint also asserted various other causes of action, including claims for a "bad faith course of conduct" and "fraud," and sought both compensatory and punitive damages.

Before filing an answer, Liberty Mutual moved to dismiss the parts of Surgi Center's complaint that asserted claims for bad faith and fraud as well as its punitive damages claim. The trial court denied Liberty Mutual's motion to dismiss Surgi Center's bad faith claim. The court granted Liberty Mutual's motion to dismiss Surgi Center's claims for fraud and punitive damages without prejudice.

We granted Liberty Mutual's motion for leave to appeal from the order denying its motion to dismiss Surgi Center's bad faith claim. We now reverse that order.

■ The requirement that an automobile insurance policy include PIP benefits is a fundamental part of the No–Fault Act, *N.J.S.A.* 39:6A–1 to –35, first enacted in 1972, *L.* 1972, *c.* 70, and comprehensively amended in 1998 by enactment of the Automobile Insurance Cost Reduction Act (AICRA), *L.* 1998, *c.* 21 and *c.* 22. Two major objectives of this legislation are facilitating "prompt and efficient provision of benefits for all accident injury victims" and "minimiz[ing] resort to the judicial process[.]" *Gambino v. Royal Globe Ins. Cos.,* 86 *N.J.* 100, 105–107, 429 *A.*2d 1039 (1981).

■ To achieve these objectives, the No–Fault Act mandates that every automobile liability insurance policy include coverage for PIP benefits. *N.J.S.A.* 39:6A–3.1; *N.J.S.A.* 39:6A–4. In addition, the statute provides that any claim for PIP medical benefits "shall be overdue if not paid within 60 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same[,]" *N.J.S.A.* 39:6A–5(g), and that "[a]ll overdue payments shall bear interest at the percentage of interest prescribed in the [Rules of Court] for judgments, awards and orders for the payment of money[,]" *N.J.S.A.* 39:6A–5(h). The No–Fault Act also provides that either the insured or insurer may submit any dispute regarding payment of PIP medical benefits to alternative dispute resolution, which may consist of either arbitration or review by a medical review organization. *N.J.S.A.* 39:6A–5.1; *N.J.S.A.* 39:6A–5.2; *see Allstate Ins. Co. v. Sabato,* 380 *N.J.Super.* 463, 469–70, 882 *A.*2d 972 (App.Div.2005); Cynthia M. Craig & Daniel J. Pomeroy, New Jersey Auto Insurance Law § 10:2–1 (2007). An insured who prevails in such a proceeding may be awarded attorney's fees. *See Maros v. Transamerica Ins. Co.,* 76 *N.J.* 572, 579, 388 *A.*2d 971 (1978); *Sabato, supra,* 380 *N.J.Super.* at 473–74, 882 *A.*2d 972.

■ We have previously recognized that because PIP benefits are statutory in nature, *see Pickett v. Lloyd's,* 131 *N.J.* 457, 476, 621 *A.*2d 445 (1993); *Manetti v. Prudential Prop. & Cas. Ins. Co.,* 196 *N.J.Super.* 317, 320–21, 482 *A.*2d 520 (App.Div.1984), the procedures and remedies provided by the No–Fault Act for en-

forcement of an insured's right to PIP benefits are exclusive. *See Milcarek v. Nationwide Ins. Co.,* 190 *N.J.Super.* 358, 365–70, 463 *A.*2d 950 (App.Div.1983); *Kubiak v. Allstate Ins. Co.,* 198 *N.J.Super.* 115, 118–20, 486 *A.*2d 879 (App.Div.1984), *certif. denied,* 101 *N.J.* 290, 501 *A.*2d 952 (1985); *Pierzga v. Ohio Cas. Group of Ins. Cos.,* 208 *N.J.Super.* 40, 44–45, 504 *A.*2d 1200 (App.Div.), *certif. denied,* 104 *N.J.* 399, 517 *A.*2d 402 (1986). In *Milcarek,* we agreed with the defendant insurance company that the statutory requirement of payment of interest on overdue PIP benefits and the availability of attorney's fees to a successful claimant were the exclusive remedies available to an insured for a wrongful denial of PIP benefits. 190 *N.J.Super.* at 365–70, 463 *A.*2d 950. Similarly, in *Kubiak,* we stated:

> Our Legislature has provided the means for expediting PIP disputes and protecting "the rights of all parties" to such disputes by establishing a right to petition the courts for an order which may be entered "on motion for good cause shown." *N.J.S.A.* 39:6A–13. This, together with the right to interest on overdue payments ... and the ability under *R.* 4:42–9(a)(6) to recover counsel fees if successful in the action should sufficiently guard against a situation[ ] where an injured party is subjected to protracted aggravated consequences because of an insurer's failure to pay.
>
> [198 *N.J.Super.* at 119–20, 486 *A.*2d 879.]

We also noted in both *Milcarek* and *Kubiak* that the Legislature has conferred authority upon the Commissioner of Insurance to impose monetary penalties upon an insurer that unreasonably denies claims, thereby establishing an additional deterrent to the unreasonable withholding of PIP benefits. *Milcarek, supra,* 190 *N.J.Super.* at 368, 463 *A.*2d 950; *Kubiak, supra,* 198 *N.J.Super.* at 119, 486 *A.*2d 879.

Although *Milcarek, Kubiak* and *Pierzga* involved claims for punitive damages for the alleged bad faith withholding of PIP benefits, the conclusion of those cases—that statutory interest and attorney's fees are the exclusive remedies for a wrongful denial of PIP benefits—is equally applicable to a claim for compensatory damages. In fact, it would appear that the only compensatory damages an insured could claim for wrongfully withheld PIP medical expense benefits would be the medical expenses plus

interest thereon and the attorney's fees the insured is forced to incur to collect the benefits, all of which are recoverable under the procedures established by the No–Fault Act. When we inquired at oral argument whether the insureds had incurred any other damages as a result of Liberty Mutual's alleged wrongful denial of PIP benefits, Surgi Center's counsel referred to alleged damages Surgi Center had suffered as a result of its inability to collect "facility fees" for use of its surgical site. However, Surgi Center has standing to pursue a claim against Liberty Mutual solely as assignee of its patients' claims. *See Lech v. State Farm Ins. Co.,* 335 *N.J.Super.* 254, 258, 762 *A.*2d 269 (App.Div.2000); *Tirgan v. Mega Life & Health Ins.,* 304 *N.J.Super.* 385, 389–91, 700 *A.*2d 1239 (Law Div.1997). Surgi Center has no contractual or other relationship with Liberty Mutual that could provide a foundation for asserting its own cause of action. *See Lech, supra,* 335 *N.J.Super.* at 258, 762 *A.*2d 269.

█ Our conclusion that the sole remedy for a wrongful denial of PIP benefits is an award of the interest mandated by *N.J.S.A.* 39:6A–5(h) and attorney's fees is also supported by the statutory mandate that either the insured or the insurer may require submission of any dispute regarding payment of PIP benefits to the alternative dispute resolution procedures provided by *N.J.S.A.* 39:6A–5.1. The evident purpose of this provision is to establish an expeditious non-judicial procedure for resolving any dispute regarding the payment of PIP benefits, in furtherance of the No–Fault Act's objectives of facilitating "prompt and efficient provision of benefits for all accident injury victims" and "minimiz[ing] resort to the judicial process[.]" *Gambino, supra,* 86 *N.J.* at 105, 107, 429 *A.*2d 1039. Moreover, even if these alternative dispute procedures are not utilized, there is no right to a jury trial in an action for unpaid PIP benefits. *Manetti, supra,* 196 *N.J.Super.* at 320–21, 482 *A.*2d 520. However, if an insured (or an insured's assignee) were allowed to pursue a common law claim for an alleged bad faith denial of PIP benefits, under which there would be an entitlement to a jury trial, this would open the door to

circumvention of the statutorily mandated alternative dispute resolution procedure provided by *N.J.S.A.* 39:6A–5.1.

In concluding that an insured can maintain a common law action for breach of good faith for denial of a PIP claim, the trial court relied primarily upon *Pickett, supra,* 131 *N.J.* at 466–80, 621 *A.*2d 445, in which the Court held that a trucker who suffered economic losses in addition to the value of his truck as a result of his insurance carrier's failure to pay collision damage benefits could pursue a claim for a bad faith denial of benefits. The Court also held that the insured could seek punitive damages if the insurance carrier's conduct was wantonly reckless or malicious. *Id.* at 475–76, 621 *A.*2d 445. However, the Court expressly recognized, citing *Pierzga, Kubiak* and *Milcarek,* that a claim for a wrongful failure to pay statutorily mandated insurance benefits such as PIP should be treated differently than a claim that is not subject to statutory regulation:

> We also concur with the courts holding, in the highly-regulated area of personal injury protection, *see N.J.S.A.* 39:6A–5, that wrongful failure to pay benefits, wrongful withholding of benefits or other violation of the statute does not thereby give rise to a claim for punitive damages.
>
> [*Id.* at 476, 621 *A.*2d 445.]

The Court also indicated that even though a punitive damages claim is not maintainable for an alleged bad faith denial of a statutorily regulated insurance benefit, an insured still may pursue a claim for compensatory and punitive damages for an "independent tort" committed by an insurance carrier in response to a claim for benefits, "such as threats by the insurer's agents to kill the insured and the insured's children[.]" *Id.* at 475, 621 *A.*2d 445.

Surgi Center does not allege that Liberty Mutual committed such an independent tort against any of its patients. Surgi Center's sole claim is that Liberty Mutual's denial of PIP benefits for the portion of their patients' medical bills attributable to "facility fees" was made in bad faith. Therefore, even if Liberty Mutual improperly denied payments of PIP benefits for this medical service, Surgi Center is only entitled to payment of the

improperly denied benefits plus interest thereon and the reasonable attorney's fees it had to incur to collect those benefits.

Accordingly, the order denying Liberty Mutual's motion to dismiss Surgi Center's common law bad faith claim is reversed.