**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MALA SUNDAR**
**JUDGE**

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

June 29, 2020

Martin Allen, Esq.
DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, P.C.

David B. Wolfe, Esq.
Skoloff & Wolfe, P.C.

> Re:  Township of Freehold v. CentraState Medical Center, Inc.
> Docket Nos. 000316-2016, 000227-2017, 000091-2018
>
> CentraState Medical Center, Inc. v. Township of Freehold
> Docket Nos. 004143-2016, 004794-2017, 005749-2018, 005789-2018,
> 007887-2019, 008801-2019, 009229-2019
>
> Township of Freehold v. CentraState Assisted Living, Inc.
> Docket Nos. 000314-2016, 000226-2017, 000090-2018, 000409-2019
>
> CentraState Assisted Living, Inc. v. Township of Freehold
> Docket No. 004147-2016
>
> Township of Freehold v. Center for Aging, Inc.
> Docket Nos. 000315-2016, 000225-2017, 000089-2018
>
> Center for Aging, Inc. v. Township of Freehold
> Docket Nos. 004163-2016, 004789-2017, 005774-2018, 007882-2019

Dear Counsel:

Each of the above-captioned complaints allege two discrete issues: (1) whether certain

properties owned by the entities Center for Aging, Inc., CentraState Assisted Living, Inc., and

CentraState Medical Center, Inc., (collectively, "CentraState") are entitled to exemptions for

purposes of local property tax, with the Township alleging that no exemption was warranted for

the tax years at issue, and CentraState claiming that they were properly classified as exempt; and






(2) the true value of such properties, with Freehold claiming that the properties were under-assessed and CentraState claiming they were over-assessed. Regardless of the fact that extensive discovery was demanded/exchanged on both exemption and valuation (and is still ongoing) between the parties, the Township is now moving to bifurcate the issues of exemption and valuation, so that each issue proceeds to trial in two discrete phases: In Phase 1, all discovery would be limited to the exemption issue, after which the issue would be tried. After trial, and a decision by this court on the exemption issue, Phase 2 would commence with discovery relating to the valuation of the properties, and then, a trial, if necessary.[1]

The Township seeks such relief under R. 4:38-2, which permits the court to order a separate trial of any claim, counterclaim, or separate issue, or under the court's inherent/equitable authority to order the stay of a matter. It argues that bifurcation in the manner in which it seeks would be practical for all involved, both parties and the court, not only because the exemption and valuation issues are complex in their own right, but also because the court's decision on a property's entitlement to exemption could effectively render the valuation of that property moot. For example, if the court finds hypothetical Property X to be exempt from local property tax, the parties may find that pursuing their valuation claims is unnecessary because Property X will not be subject to tax regardless of its assessment. Although the Township recognizes that a party may pursue its valuation claim even if the property is exempt, generally, there is less incentive to do so. Numerous

---

[1] The Township's Notice of Motion seeks an "Order that bifurcates the issues of exemption and valuation during the trial . . . pursuant to R. 4:38-2." However, its proposed Order submitted with the motion states that bifurcation "pursuant to R. 4:38-2(b) [is] to separate the exemption and valuation issues, with the exemption issues to be tried first," and that the bifurcation would be "in two phases for purposes of discovery and trial, such that issues litigated in Phase I shall be limited to all issues relating to the exemption of the properties subject to the appeal"; and "the issues litigated in Phase II shall pertain to the fair market valuation of the properties subject to the appeal."

benefits are said to possibly result if the valuation claims are held in abeyance pending resolution of the exemption claims: discovery on valuation could be narrowed; the parties could have a more focused starting point for settlement discussions; and the court and parties could save time (and the parties, money) if the valuation of some properties does not have to be tried.

Similarly, the Township argues, bifurcation is beneficial if the court were to find that only a portion of a property, such as a building or a floor of a building, is exempt, but the remainder of the property is taxable. If the court were to find the entire property fully taxable, or fully exempt, then the real estate appraisers could easily appraise the entireties of the properties. However, the Township contends, if, for example the court were to find that one of five hospital floors is exempt, then the appraisers would not be able to accurately appraise the property since they would not know until the court's decision how much should be valued, and the court would have to hear more testimony on the issue of apportioning the hospital's value between the floors because the court would have gathered no evidence on that issue in the initial trial.

The Township also argues that this method of bifurcation pre-trial has been accepted by the Tax Court whose decisions evidence that the issue of exemption should be tried and decided before the issue of valuation (citing AHS Hosp. Corp. v. Town of Morristown, 28 N.J. Tax 456 (Tax 2015); Hunterdon Med. Ctr. v. Township of Readington, 22 N.J. Tax 302 (Tax 2005), aff'd, 391 N.J. Super 434 (App. Div. 2007), aff'd in part, rev'd in part, 195 N.J. 549 (2008)).

CentraState opposes the Township's motions as being premature because the parties are still at the pre-trial stage with discovery on both issues ongoing (the Township having commenced discovery on both issues from the onset of the filing of each complaint), and the plain language of R. 4:38-2 evidences that it applies only when the matters are ready to be tried. While CentraState

3

is not averse to a bifurcation of trial (but not discovery) when all issues are ready to be tried, it maintains that currently such an order would be premature due to ongoing discovery.

Centrastate argues that the Township's motions are in reality a request for an abeyance/stay of the valuation claims until the exemption issues are decided, masquerading as motions for bifurcation, which form of relief is unavailable under R. 4:38-2. It further contends that an entry of the order proposed by the Township would prolong the litigation in that, even if the exemption issue was tried first and the properties were held taxable, only then would the Township begin to retain an appraiser, and then furnish an appraisal report, during which period CentraState would be liable to pay taxes of potentially over $2 million for each tax year at issue. Thus, CentraState would be severely prejudiced since it is the only party liable for taxes, which is why both issues should be tried concurrently. Or, it contends, the valuation issue should be tried at most within a month of the exemption trial but with no "stay" on the pre-trial valuation discovery, including the exchange of appraisal reports.

In response to the Township's claim that a party would probably not pursue a valuation claim on a property found tax-exempt, CentraState points out that a property owner may still want to pursue its valuation claim, if, for example, the property was to be sold to a for-profit entity, which sale would render the property taxable. Further, it points out, settlement discussions need not await this court's decision on exemption. With respect to the difficulty of appraisal contention raised by the Township, CentraState points out that a property must always be valued as a whole, so that even if a portion is deemed exempt, there is a value ascribed to it.

**ANALYSIS**

Rule 4:38-2 reads as follows:

> (a) Severance of Claims. The court, for the convenience of the parties or to avoid prejudice, may order a separate trial of any claim,

4

cross-claim, counterclaim, third-party claim, or separate issue, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

(b) Separation of Liability and Damage Claims. Whenever multiple parties, issues or claims are presented in individual or consolidated actions and the nature of the action or actions is such that a trial of all issues as to liability and damages may be complex and confusing, or whenever the court finds that a substantial saving of time would result from trial of the issue of liability in the first instance, the court may on a party's or its own motion, direct that the issues of liability and damages be separately tried. Except in extraordinary circumstances, the issue of liability shall be tried first, and if the order of bifurcation otherwise directs, the reasons therefor shall be explicitly stated therein.

The plain language in subsection (a) permitting a trial court to "order a separate trial" of any claim does not speak to the stay of discovery. It appears that the stage at which a court would "order a separate trial" is at the trial stage, i.e., when discovery as to all issues or claims in a complaint is completed, and all matters are ready to be tried.

However, the Rule has not been so interpreted. Rather, precedent indicates that the Rule is intended to afford broad discretion to the trial court as to case management. See e.g. Lech v. State Farm Ins. Co., 335 N.J. Super. 254, 260 (App. Div. 2000) ("As with all complex litigation, whether it involves multiple claims or multiple parties, the trial judge has broad case management discretion") (citing R. 4:38-2(a)); Malik v. Ruttenberg, 398 N.J. Super. 489, 498 (App. Div. 2008) ("A judge has the authority to determine the order in which witnesses shall be called, the order in which issues will be presented, and whether separate actions may be consolidated in a single proceeding . . . [which] . . . authority extends to the basic management of the proceeding, and the trial judge possesses wide discretion to control the trial") (citing, among others, R. 4:38-2)); Tobia v. Cooper Hosp. Univ. Med. Ctr., 136 N.J. 335, 345 (1994) (severance determination rests in the trial judge's discretion).

As part of such case management, the court has the discretion to decide that if determination of one allegation or claim for relief could effectively negate litigation of another, then such issues may not only be severed, but discovery may also be stayed on the potentially moot issue. See e.g. Procopio v. Gov't Emps. Ins. Co., 433 N.J. Super. 377, 380 (App. Div. 2013) (citation omitted). As noted by the United States Supreme Court,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.
>
> [Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).]

Thus, in Procopio, the Appellate Division ruled that the trial court had abused its discretion by compelling discovery on both bad faith and policy coverage claims against the insurer as the court discerned "very little benefit in allowing discovery to proceed simultaneously since a claim for [underinsured motorist] benefits is separate and distinct from a claim of bad faith and the evidence used to establish each claim is very different." 433 N.J. Super. at 383. "Requiring simultaneous discovery on both claims will result in a significant expenditure of time and money, generally rendered needless if the insurer prevails on plaintiff's [policy coverage] claim." Ibid.

Here, the court agrees with the Township (and CentraState does not seriously dispute) that the issues of exemption and valuation can be severed when the case is tried. The legal elements for, and thus evidence of, the entitlement of a property to tax exemption differs from evidence as to such property's true/market value. Resolution of an exemption issue is fact-sensitive, whereas valuation is decided primarily of appraisal standards and opinions.

Nonetheless, the Township's request to stay discovery as to valuation is unpersuasive under the facts herein. The Township commenced discovery on both valuation and exemption issues,

6

and filed several motions demanding information from CentraState as to both issues. CentraState has provided responses to both issues and has also sought its own discovery. Thus, the parties have already engaged in, and are still in the process of completing discovery on both issues. Having made CentraState expend time and resources from the commencement of the litigation on responding to extensive discovery/motion practice as to both exemption and valuation, the Township's motion at this time for bifurcation of valuation discovery is unpersuasive.

Further, while the evidence as to tax exemption is not identical to that of valuation, the interrogatories propounded by the Township show that several overlap and are duplicative. Some of the evidence relevant to exemption will also be relevant to valuation: for example, the use(s) of the subject properties. Thus, even if all the properties are found to be exempt, the valuation discovery will not necessarily have been rendered needless. Note that although the ultimate tax is not imposed or collected, each property must be assessed at its true value, exemption being a status, thus separately identified on a separate exempt tax list (as opposed to a regular tax list). See N.J.S.A. 54:4-23; 54:4-27; N.J.A.C. 18:12-3.1; 18:12-2.8.

As to the practicalities of bifurcation of valuation discovery, the court is unpersuaded by the Township's arguments that it is impractical and difficult to appraise the subject properties prior to the court's decision whether the subject properties are tax exempt, especially if the court were to find a portion of a property tax exempt. Appraisers do not value portions of property. Rather, their assignment is to value property in fee simple. Apportionment of the value between exempt and non-exempt portions is not an appraisal technique. Indeed, this would appear to be the responsibility of the assessor, see N.J.S.A. 54:4-3.3, or by this court, if the valuation is in litigation and the parties cannot agree in this regard, especially where the value is generally calculated with reference to a particular unit of measurement (on a per-square-foot basis, for instance).

Equally unpersuasive is the Township's contention that only after the exemption issue is decided against CentraState, the parties can commence settlement discussions on valuation. Nothing prevents parties from settlement discussions at any time, and here, even before the exemption issue is tried. See e.g. R. 8:6-8.

In reality, the Township does not want to retain an appraiser and pay for appraisal reports before the court decides the exemption issue. It may be that if the court decides that the properties are exempt, neither party would be inclined to pursue their respective valuation claims. However, the court must weigh the equities on both sides. CentraState's concerns of lengthy litigation and that the Township would commence obtaining appraisal reports only after the court decides that the properties are not exempt weighs more heavily in its favor than the Township's concerns of prematurely expending monies for an appraisal report. As plaintiff and counter-claimant, and presumably with the appropriate municipal authority/resolutions, this is the cost of litigation that the Township should have foreseen.

In sum, the case for holding the valuation claims in abeyance pending the resolution of the exemption claims here is not as strong as was in Procopio. Rather, CentraState's argument is more persuasive that a stay of the discovery of valuation claims pending resolution of the exemption claims would more likely than not prolong litigation, which is not in the interest of judicial economy, or increase litigation costs for the parties. Therefore, the court finds that a stay of the ongoing discovery as to the valuation claims pending resolution of the exemption claims is not warranted under the facts here.

As noted above, a request for bifurcation of exemption and valuation only for trial, under R. 4:38-2, is reasonable. Although a finding of exemption does not deprive a party of the right to challenge valuation, if a property is found exempt from taxation, the incentive to challenge the

assessment is generally reduced. Therefore, trying the exemption claims before the valuation claims could save the court time and the parties time and resources. However, the parties have not yet completed discovery in these matters, therefore, an order for bifurcation at this point is premature. Once discovery is complete, the court will, if requested, or <u>sua sponte</u>, revisit the issue of bifurcation of trials on exemption and valuation.

## CONCLUSION

For the above reasons, the court denies the Township's motion. An Order denying the motion will accompany this opinion.

Very truly yours,

Mala Sundar, J.T.C.