**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2545-20

ADS ENVIRONMENTAL INC.
and MININNI & SONS REALTY
1087 ROUTE 173, LLC,

      Plaintiffs-Respondents,

v.

THE TOWNSHIP OF
BETHLEHEM, THE TOWNSHIP
COMMITTEE OF THE
TOWNSHIP OF BETHLEHEM,
THE ZONING AND
CONSTRUCTION CODE
COORDINATOR OF THE
TOWNSHIP OF BETHLEHEM,
and THE GENERAL CODE
ENFORCEMENT OFFICIAL OF
THE TOWNSHIP OF BETHLEHEM,

      Defendants-Respondents,

and

THE PLANNING BOARD OF
THE TOWNSHIP OF BETHLEHEM,

      Defendant-Appellant.

_____

Argued March 15, 2022 – Decided August 16, 2022

Before Judges Fisher, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0330-19.

Kara A. Kaczynski argued the cause for appellant (McNally Yaros Kaczynski & Lime LLC, attorneys; Kara A. Kaczynski, on the briefs).

John M. Marmora argued the cause for respondents ADS Environmental, Inc., and Mininni & Sons Realty 1087 Route 173, LLC (K&L Gates LLP, attorneys; John M. Marmora and Alison T. Saling, on the brief).

Matthew R. Flynn argued the cause for respondents the Township of Bethlehem, the Township Committee of the Township of Bethlehem, the Zoning and Construction Code Coordinator of the Township of Bethlehem, and the General Code Enforcement Official of the Township of Bethlehem (Savo, Schalk, Corsini, Gillispie, O'Grodnick & Fisher, PA, attorneys; Kevin P. Benbrook, on the brief).

PER CURIAM

Defendants Bethlehem Township and its planning board appeal the Law Division's order reversing the board's denial of plaintiff's preliminary and final site plan and use variance application. The board found that the site had been abandoned by plaintiffs and their predecessors in interest. The trial court concluded the board's abandonment finding was arbitrary and capricious. It

A-2545-20

vacated the order and remanded for further proceedings.  For the following reasons, we reverse and remand.

I.

ADS Environmental, Inc. and Mininni & Sons Realty 1087 Route 73, LLC (ADS) are the current owners of the disputed property.  Historically, the property operated as a quarry and concrete batch facility.  In 1960, Bethlehem Township (Township) adopted a zoning ordinance which changed the parcel's zone to mixed use commercial, including residential and farming.  A subsequent ordinance continued the mixed-use zoning.

The Lentine family purchased the property in 1972 and used it to operate their concrete business, Bethlehem Concrete.  A few years later they successfully obtained site plan approval from the Board to add a new truck sales, maintenance, and repair business to the concrete operation.

By 1994 the Lentines had successfully obtained preliminary and final site plan approval for certain improvements on the property.  The site plan approval was conditioned upon restriction of "the operation of businesses on [the property] . . . to the concrete business with two batch plants, the sale of new and used trucks . . . , and the repair and maintenance of trucks . . . ."  The 1994 conditional site plan approval prohibited the quarry use going forward.

A-2545-20

In the mid-2000's Bethlehem Concrete suffered financial setbacks and had a series of hazardous substance discharges at the property, receiving at least one violation notice from the New Jersey Department of Environmental Protection. The owners stopped paying property taxes, which led to a tax sale. The certificate holder foreclosed in 2013 and ADS, an entity with environmental cleanup and business operations experience, acquired the property.

Prior to acquisition of the property, ADS sought a certificate of continued occupancy (CCO) from the Township's zoning officer & construction code coordinator, John Barczyk, in order to confirm the validity of the 1994 site plan approval.

Barczyk consulted with the Township attorney, who issued a letter to ADS's counsel dated June 18, 2014 which confirmed ADS was legally entitled to operate pursuant to the 1994 site plan approval. Immediately thereafter, Barczyk issued ADS a CCO.[1] After receiving the CCO, ADS acquired the property and commenced remediation efforts, demolishing certain structures on the property.

In September 2017, ADS applied to the Board for site plan approval, with an accompanying variance application pursuant to N.J.S.A. 40:55D-70(d)(2) to

---

[1] The CCO was labeled "Zoning Permit."

expand a nonconforming use. From February 2018 to June 2019, the Board held fifteen public hearings on ADS's site plan application. After public opposition, ADS elected to modify its application to include a request for certification of a legal nonconforming use. The Board determined in a 5-1-1 vote that the three uses listed in ADS's application were indeed preexisting nonconforming uses. Next, in a 4-3 vote, the Board found that the preexisting nonconforming concrete batch plant along with ancillary uses and structures were abandoned.

ADS filed a complaint in August 2019 seeking to reverse portions of the Board's resolution which found ADS had no right to continue preexisting nonconforming uses on the property. Citing the letter from the Township attorney and the CCO, ADS argued that the Township confirmed the validity of the nonconforming use prior to their acquisition of the property. As such, ADS argued, the Board improperly denied their application.

The Township admitted in its pleadings that Barczyk, its code official, acted in good faith and was within the scope of his authority to issue the CCO. However, the Board argued that Barczyk and Township attorney lacked the requisite authority to bind it, contending that ADS should have approached either the planning board secretary, the municipal engineer, or the Board attorney for the CCO.

Prior to the hearing, the trial court issued a case management order dated January 17, 2020. In addition to a briefing and trial schedule, the order included the following language:

> The court has determined that it is appropriate to bifurcate the trial of this matter pursuant to Rule 4:38-2(a). All of the claims against defendant Township of Bethlehem, as set forth in Counts One through Four of the First Amended Complaint shall be stayed pending the disposition of the remaining claims against defendant Planning Board of the Township of Bethlehem.

After a hearing, the court issued an oral decision. The trial court reversed the Board, concluding that its decision was arbitrary and capricious. The court identified the central issue to be:

> whether or not the Board's finding of abandonment here, which was a finding that was made with regard to the combined activities of the predecessor property owner, Lentine, and the current property owner, ADS, . . . is adequately supported by competent evidence in the record.

The court found the Board's "findings on the abandonment issue" were "not extensive," nor "terribly specific." It also noted that the Board relied significantly on the combined actions of the Lentine family and ADS in reaching its conclusion.

A-2545-20

Ultimately, the trial court found that the contested uses were not abandoned. Critical to its reasoning was its finding that the Township, through its attorney letter and the CCO, admitted that the uses were not abandoned and that ADS had the right to continue them. Because the Township made this determination in 2014, it concluded that looking to the Lentine family's activity was neither relevant nor appropriate under these circumstances. The court found the only period relevant for evaluating abandonment was ADS's ownership of the property.

The court concluded the record showed "no evidence establishing [the] Lentine[s'] subjective intent to abandon the pre-existing nonconforming uses." It also concluded that there was nothing in the record to indicate ADS intended to abandon the nonconforming uses. To the contrary, the court found ADS spent significant sums to remediate the site and renovate the facilities; demonstrating their intent to continue the nonconforming uses. Relying in large part on estoppel principles, the court found the Board was bound by the representations made to ADS by the zoning official and Township attorney.

The court noted that ADS's demolition of one of the concrete batch plants could be interpreted as ADS's partial abandonment of that use at that particular

site on the property. However, the court left that determination to the Board on remand.

On appeal, the Board and the Township argue the trial court erred by declining to consider the actions of ADS's predecessors, the Lentine family, in deciding the issue of abandonment. They contend that the court improperly relied on equitable estoppel principles to reverse the Board, after it stayed use of those principles in its January 2020 severance order.[2]

## II.

We acknowledge that a trial court "has broad case management discretion." Lech v. State Farm Ins. Co., 335 N.J. Super. 254, 260 (App. Div. 2000). To that end, Rule 4:38-2(a) instructs that "[t]he court, for the convenience of the parties or to avoid prejudice, may order a separate trial of any claim, cross-claim, counterclaim, third-party claim, or separate issue, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

---

[2] The defendants also argue that the trial court's interpretation of N.J.S.A. 40:55D-68 is incorrect. We do not reach this issue, and we leave its resolution to the trial court on remand.

As to decisions of the local zoning board, "'[a] local zoning determination will be set aside only when it is arbitrary, capricious, or unreasonable.'" Kane Props., L.L.C. v. City of Hoboken, 423 N.J. Super. 49, 63 (App. Div. 2011) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965)). Even were we to harbor reservations as to the good judgment of a local land use agency's decision, "there can be no judicial declaration of invalidity in the absence of clear abuse of discretion by the public agencies involved." CBS Outdoor v. Lebanon Plan. Bd., 414 N.J. Super. 563, 577 (App. Div. 2010).

Nonconforming use status may be terminated as a result of abandonment; however, the mere non-use of a nonconforming right will not automatically constitute abandonment. New Jersey courts have traditionally found that abandonment of a nonconforming use or structure requires the concurrence of two factors: (1) some overt act or some failure to act which carries a sufficient implication that the owner neither claims nor retains any interest in the subject matter of the abandonment, and (2) an intention to abandon. See Berkeley Square v. Trenton Zoning Bd. of Adjustment, 410 N.J. Super. 255, 268-69 (App. Div. 2009); compare Belmar v. 201 16th Ave., Belmar, 309 N.J. Super. 663 (Law Div. 1997) (finding abandonment of a rooming house where operator's financial problems resulted in bankruptcy and properties were boarded up) with

Eltrym Euneva v. Keansburg, 407 N.J. Super. 432, 439-40 (Law Div. 2008) (finding previous owner's failure to pay taxes which resulted in foreclosure did not express the required intent to abandon a nonconforming use).

If a property merely remains idle, or if there are no significant changes made or changes indicative of an intent to abandon the nonconforming use, then the nonconforming right is not extinguished. See, e.g., Child.'s Inst. v. Verona Twp. Bd., 290 N.J. Super. 350, 357 (App. Div. 1996); Borough of Saddle River v. Bobinski, 108 N.J. Super. 6 (Ch. Div. 1969). These cases are highly fact sensitive and zoning boards, and the courts, must pay special attention to the intentions and actions of the property owners. See Campbell v. Bd. of Adjustment, South Plainfield, 118 N.J.L. 116 (Sup. Ct. 1937) (finding no intention to abandon the nonconforming use where the owner was unable to carry on the business and the property stood vacant for several years); see also Cox & Koenig, New Jersey Zoning & Land Use Administration, § 27-3 at 602 (2022).

In the specific context of the issuance of building permits, the application of estoppel requires proof of four elements: (1) the building permit was issued in good faith, (2) the building inspector acted "'within the ambit of [his] duty'" in issuing the permit, (3) a sufficient question of interpretation of the relevant

statutes or zoning ordinances as to "render doubtful a charge that the . . . official acted without any reasonable basis" for issuing the permit, and (4) there was "'proper good faith reliance'" on the issuance of the permit. Motley v. Borough of Seaside Park Zoning Bd. of Adjustment, 430 N.J. Super. 132, 152-53 (App. Div. 2013) (citations omitted).

## III.

On appeal, defendants' primary argument is a procedural one: that the trial court relied upon equitable estoppel principles to reverse the Board, when that claim was not properly before the court after its severance order. Given the posture of the case, they contend that the court's use of the Township attorney's letter and the CCO was error. We agree.

Reduced to its essence, the trial court's decision was based on the actions of the Township attorney and its code official. The court referenced ADS's reliance on the Township documents in its rationale for reversing the Board. It found that, because of the Township's admissions in its pleadings, the Board was precluded from looking to the actions of the previous owners to find abandonment. Mindful of its severance order separating the plaintiffs' claims against the Township, the court found the order did not preclude use of equitable estoppel against the Board, stating:

11

I am finding that the Board's findings are inconsistent with law[,] because I'm satisfied that the Board is precluded here by virtue of either the admissions that were made, or principles of equitable estoppel, or the Square Corners doctrine[,] from basing its abandonment decision . . . in whole or in part on the activities of the predecessor owner Lentine.

Given the record before us, we find the trial court's severance of the plaintiffs' claims against the Township and the Board to be a mistaken exercise of discretion. In the current procedural posture, a cogent analysis of the intertwined issues of abandonment and equitable estoppel is difficult, if not impossible. The court, perhaps recognizing too late the significance of the severed cause of action against the Township, imported plaintiffs' equitable estoppel claims against the Township into the case against the Board. Had the case against the Township and the Board proceeded together, a less convoluted and more fulsome record would have emerged on whether the doctrine of equitable estoppel was an appropriate remedy to the Board's action.[3]

The trial court's severance of ADS's claims against the two municipal defendants prevented it from conducting a sound review of the extensive record

---

[3] We make no finding on the issue of whether the Board and the Township, together, were equitably estopped from declaring that ADS or its predecessor-in-interest had abandoned the nonconforming uses at the disputed site. We leave the issue to the trial court on remand.

below. For this reason, we reverse the trial court's order against the Board, as well as paragraph one of its January 2020 case management order which bifurcated the matters. We remand to the trial court for further proceedings to address the issues in a manner consistent with the principles set forth in this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2545-20